IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| GEORGE HARRISON SIMPSON, | ) | 4:18CV3168 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| STATE OF NEBRASKA and DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) | |
| Defendants. | ) | |

Plaintiff, George Harrison Simpson, filed this case on December 11, 2018, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiffs' Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff alleges that while he was a temporary employee at the Nebraska Department of Health and Human Services, six co-workers "made false claims about [his] job performance and used [his] disability against [him] by putting pressure on [him] to do the phone calls of clients they rejected" (Filing 1, p. 4); that his co-workers "refused to talk or communicate with [him] and because of this said [he] couldn't get along with them" (Filing 1, p. 4); and that "[a]fter working 9 months taking phone calls Bob Kane at [a] meeting at [the] person[nel] office stated he was letting [Plaintiff] go and [he] would not work for [the] State any more because [he] was hired without phone experience" (Filing 1, p. 5). Plaintiff alleges "[t]his was just an excuse to get back at me because [he] complained to the person[nel] office about the problems [he] had" (Filing 1, p. 5). Plaintiff claims he "[w]as let go 4 months before [his] term ended" and "would have been hired for another year" (Filing 1, p.

4). Plaintiff also claims that as a State employee he "could have been hired" for a full-time permanent position if one was advertised internally (Filing 1, p. 4).

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Liberally construed, Plaintiff's Complaint asserts two claims for relief under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

First, Plaintiff claims employment discrimination under Title I of the ADA, which bars employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In particular, Plaintiff claims there was a hostile work environment at the Nebraska Department of Health and Human Services. *See, e.g., Shaver v. Indep. Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003) (to be entitled to relief on hostile work environment claim under the ADA, employee must show that: (1) he is a member of the class of people protected by the statute; (2) he was subject to unwelcome harassment; (3) the harassment resulted from his membership in the protected class; and (4) the harassment was severe enough to affect the terms, conditions, or privileges of his employment).

Second, Plaintiff claims retaliation under Title V of the ADA, which makes it unlawful for an employer to "discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA]...." 42 U.S.C.A. § 12203(a). That is, Plaintiff claims his employment was terminated because he complained to the personnel office about the alleged hostile work environment. *See, e.g., Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013) (to establish unlawful retaliation under the ADA, employee must show that: (1) he engaged in statutorily protected activity; (2) the employer took an adverse action against him; and (3) there was a causal connection between the adverse action and the protected activity").

Plaintiff's hostile work environment claim must be dismissed for lack of jurisdiction because Defendants are immune from suit. The United States Supreme Court has held that although Congress unequivocally intended to abrogate the States' immunity from ADA claims, Congress lacked the authority to subject the States to

suits by private individuals for money damages under Title I of the ADA. *Board of Trustees of the University of Alabama v. Garrett*, 531 U .S. 356, 374 (2001); *see Lors v. Dean*, 746 F.3d 857, 862 (8th Cir. 2014) (the Supreme Court held in *Garrett* "that the Eleventh Amendment bars Title I ADA claims for money damages brought by state employees in federal court."); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002) ("In ... *Garrett* ..., the Supreme Court ruled that a state is immune from suit under Title I of the ADA unless it waives its sovereign immunity."); *see also Leighton v. Nebraska*, No. 4:14CV3202, 2015 WL 1013950, at *2 (D. Neb. Mar. 9, 2015) (granting defendants' Rule 12(b)(1) motion to dismiss Title I claim brought against the State of Nebraska and the Department of Correctional Services). Plaintiff does not allege any facts in the Complaint which would allow this court to infer a waiver of sovereign immunity with respect to his Title I claim.[1]

"Neither the Supreme Court nor the Eighth Circuit has addressed whether Title V is valid abrogation of state sovereign immunity." *Lors*, 746 at 862-63 (quoting *Tinzie v. Ark. Dep't of Workforce Servs.*, No. 4:11 CV00683 SWW, 2012 WL 1739859, at *3 (E.D.Ark. May 16, 2012)). "Shortly after the Supreme Court issued *Garrett*, the Ninth Circuit issued its opinion in *Demshki* [*v. Monteith*, 255 F.3d 986, 988 (9th Cir. 2001)]" and "recognized that the Supreme Court's holding in *Garrett* 'necessarily applies to claims brought under Title V of the ADA, at least where, as here, the claims are predicated on alleged violations of Title I.'" *Id.* at 863 (quoting *Demshki*, 255 F.3d at 987). "Several district courts have agreed with the Ninth Circuit's reasoning in *Demshki*, and relied on the decision to support the holding that a Title V claim was barred by the ADA." *Id.* (quoting *Merbach v. N. Dakota State Water Comm'n*, No. 1:13-CV-030, 2013 WL 2252916, at *3 (D.N.D. May 22, 2013) (citing cases)); *see also Swatzell v. Bd. of Regents, Se. Missouri State Univ.*, No.

---

[1] The Eleventh Amendment would not bar a Title I ADA claim if Plaintiff were seeking prospective injunctive relief (*i.e.*, reinstatement) rather than money damages, *see Faibisch,* 304 F.3d at 800, but Plaintiff does not claim that his employment was terminated because of his alleged disability.

1:16-CV-00262 JAR, 2017 WL 3116150, at *4 (E.D. Mo. July 21, 2017) ("The Court concurs in the rulings of these courts that retaliation claims brought under Title V of the ADA—at least where the claims are based on alleged violations of Title I—are barred by the Eleventh Amendment."); *Dottin v. Texas Dep't of Criminal Justice*, No. 1:13-CV-710, 2014 WL 11498078, at *10 (E.D. Tex. Nov. 25, 2014) ("The court finds the reasoning in *Demshki* persuasive and ...joins other courts in holding that Congress has not abrogated states' immunity from Title V ADA claims predicated on Title I claims."), *aff'd*, 627 F. App'x 397 (5th Cir. 2015).

This court also agrees with the Ninth Circuit's reasoning in *Demshki*, and concludes that Plaintiff cannot sue Defendants for damages under Title V of the ADA on a claim of retaliatory discharge which is predicated upon an alleged violation of Title I. Since Plaintiff alleges that his employment was terminated "because [he] complained to the person[nel] office about the problems [he] had" with his co-workers, his retaliation claim must be dismissed.

Sovereign immunity will not bar Plaintiff from seeking reinstatement under Title V, but a claim for such relief must be brought against an appropriate state official in his or her official capacity, rather than against the State of Nebraska or the Department of Health and Human Services. *See Faibisch*, 304 F.3d at 800; *see also Walker v. Arkansas Dep't of Correction*, No. 5:14CV00268 BSM, 2015 WL 12751704, at *3 (E.D. Ark. July 16, 2015) (holding that sovereign immunity barred plaintiff's retaliation claims for monetary relief under Title V of the ADA, because they were predicated on alleged violations of Title I, and that plaintiff was limited to seeking reinstatement); *Merbach*, 2013 WL 2252916, at *3 (holding on initial review of pro se plaintiff's complaint that claim for money damages under Title V was barred by sovereign immunity, and that plaintiff would need to file amended complaint if she wished to request reinstatement). The court on its own motion will give Plaintiff 30 days in which to file an Amended Complaint, if he so desires.

To establish a prima facie case of ADA retaliation, Plaintiff must show that he engaged in protected activity based on a reasonable good faith belief that an agent of the employer was engaging in disability discrimination, and that Plaintiff suffered an adverse employment action causally linked to that protected conduct. *Lenzen v. Workers Comp. Reinsurance Ass'n*, 705 F.3d 816, 821 (8th Cir. 2013). "Protected activity is 'an informal or formal complaint about, or other opposition to, an employer's practice or act ... if the employee reasonably believes such an act to be in violation of the statute in question.'" *Jeseritz v. Potter*, 282 F.3d 542, 548 (8th Cir. 2002) (quoting *Sherman v. Runyon*, 235 F.3d 406, 409 (8th Cir.2000)); *see Van Orden v. Wells Fargo Home Mortgage, Inc.*, 443 F.Supp.2d 1051, 1060-61 (S.D.Iowa 2006) ("opposition" under Eighth Circuit law includes filing a charge of discrimination, making internal complaints or informal complaints to superiors, or "expressing a belief that [an] employer has engaged in discriminatory practices"). In order to prevail on a retaliation claim, Plaintiff "need not establish the conduct which [he] opposed was in fact discriminatory but rather must demonstrate a good faith, reasonable belief that the underlying conduct violated the law." *Buettner v. Arch Coal Sales, Co., Inc.*, 216 F.3d 707, 714 (8th Cir. 2000).

To prevail on a hostile work environment claim under the ADA, an employee must show "that he is a member of the class of people protected by the statute, that he was subject to unwelcome harassment, that the harassment resulted from his membership in the protected class, and that the harassment was severe enough to affect the terms, conditions, or privileges of his employment." *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 778 (8th Cir. 2012) (quoting *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003). "When the alleged harasser is the plaintiff's fellow employee there is a fifth element: that the employer knew or should have known of the harassment and failed to take proper action." *Id.* (citing *Palesch v. Mo. Comm'n on Human Rights*, 233 F.3d 560, 566 (8th Cir. 2000).

Plaintiff's Complaint fails to state a plausible claim of retaliation under the ADA because he fails to provide any facts to support a good faith, reasonable belief that the alleged hostile work environment was related to his disability. Plaintiff merely alleges that his co-workers "used [his] disability against [him] by putting pressure on [him] to do the phone calls of clients they rejected (Filing 1, p. 4)." Moreover, the few facts that are alleged in the Complaint do not support a good faith, reasonable belief that Plaintiff was even subjected to a hostile work environment. "Merely rude or unpleasant conduct are insufficient to affect the terms and conditions of employment." *Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 922-23 (8th Cir. 2018) (internal quotations, alterations, and citations omitted). "The plaintiff must show that the alleged harassment was so intimidating, offensive, or hostile that it poisoned the work environment." *Id.* at 923 (internal quotations and citations omitted).

Also, while Plaintiff alleges that the reason given for his termination (*i.e.*, lack of phone experience) was pretextual, and that the real reason was that he "complained to the person[nel] office about the problems [he] had" with certain co-workers (Filing 1, p. 5), Plaintiff fails to provide any facts regarding information he provided to the personnel office. If an Amended Complaint is filed, Plaintiff should identify the person(s) he contacted in the personnel office, state how and when the contact(s) occurred (*e.g.*, in person, in writing, by phone), and describe in detail the information he provided on each occasion. In addition, Plaintiff should attach a copy of the charge of discrimination he filed with the Nebraska Equal Opportunity Commission ("NEOC") and a copy of the NEOC's determination. (At present, the only attachment to Plaintiff's Complaint is a copy of a right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC"), which merely indicates that the EEOC adopted the NEOC's findings.)

Finally, Plaintiff has filed a motion for appointment of counsel (Filing 3). The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent

civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

## IV. CONCLUSION

The State of Nebraska and the Department of Health and Human Services are immune from suit for damages under Titles I and V of the ADA, but because Plaintiff is not necessarily precluded from seeking reinstatement, the court on its own motion will grant Plaintiff leave to file an Amended Complaint against an appropriate state official requesting such relief. If an Amended Complaint is filed within 30 days, the court will then conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2). But if an Amended Complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for appointment of counsel (Filing 3) is denied without prejudice to reassertion.

2. On the court's own motion, Plaintiff shall have 30 days in which to file an Amended Complaint that states a claim upon which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

3. The clerk of the court is directed to set the following pro se case management deadline in each case: January 17, 2019: check for amended complaint.

DATED this 18th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge